IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

VICTOR JERMAINE MERCER; and
BERNIESHA SHARIECE COOPER,

    Plaintiffs,

v.

BULLOCH COUNTY BOARD OF
COMMISSIONERS; LYNN M. ANDERSON,
in his previous official capacity as Sheriff of
Bulloch County, Georgia; SGT KENT
MUNSEY, in his individual and official
capacity; OFFICER JARED SHABABY, in his
individual and official capacity; and APO
KYLE BRILEY, in his individual and official
capacity,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-51

**O R D E R**

This matter comes before the Court after Plaintiffs' failure to properly serve their Complaint and their failure to comply with or in any way respond to the Court's September 25, 2018 Order. (Doc. 4.) The Court **DISMISSES** this action **WITHOUT PREJUDICE** for Plaintiffs' failure to prosecute, failure to follow this Court's Orders, and failure to timely serve the Complaint. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case. Though this dismissal is without prejudice, should Plaintiffs' counsel seek to refile this case,[1] he must file

---

[1] Plaintiffs could potentially not be able to refile this case because of the expiration of the statute of limitations. Without expressing any opinion on that issue, the Court has considered that possibility when issuing this dismissal. Even if the statute of limitations bars Plaintiffs from refiling this case, dismissal is warranted due to Plaintiffs' failure to timely serve the Complaint and failure to respond in any manner whatsoever to the Court's Order. Through these failures, Plaintiffs have demonstrated a clear record of

contemporaneously with the complaint an explanation of cause for his failure to serve this action in a timely manner and his failure to respond to the Court's September 25, 2018 Order.

## BACKGROUND

The background of this case is laid out in the Court's September 25, 2018 Order. (Id.) Put succinctly, after filing this action approximately twenty-one months ago, Plaintiffs failed to properly serve any of the Defendants. In its Court's September 25, 2018 Order, the Court ordered Plaintiffs to show cause for their failure to timely serve Defendants. (Id. at p. 2.) Plaintiffs have made no response to that Order or taken any other action in this case since that Order.

## DISCUSSION

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[2] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or

---

delay and willful contempt and, particularly given the lack of response to the Court's prior Order, any sanction lesser than dismissal would not suffice.

[2] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, the Court provided Plaintiffs with notice that their failure to show cause would result in dismissal of their Complaint. (Doc. 4, p. 2.)

2

neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint, where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

3

Moreover, Federal Rule of Civil Procedure Rule 4(m) mandates that the Court dismiss a complaint when a plaintiff fails to effect service within 90 days of the filing of the complaint. A plaintiff may request an extension of time for service of process upon the showing of good cause. Fed. R. Civ. P. 4(m). A plaintiff has the burden of demonstrating the existence of "good cause" justifying service outside of the deadline. Sanders v. Fluor Daniel, Inc., 151 F.R.D. 138, 139 (M.D. Fla. 1993). "To demonstrate good cause, the plaintiff must offer evidence that she (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance and (3) the basis for the delay was more than simple inadvertence or mistake." Durgin v. Mon, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009), aff'd, 415 F. App'x 161 (11th Cir. 2011) (per curiam) (citing Sanders, 151 F.R.D at 139; Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1130–31 (11th Cir. 2005)).

This Court directed Plaintiffs to show cause for their failure to timely serve Defendants. Despite the Court's specific instructions, Plaintiffs have failed to show cause, much less taken any effort to comply with their service obligations. Accordingly, the Court **DISMISSES without prejudice** Plaintiffs' Complaint for failure to prosecute, failure to follow this Court's Orders, and failure to timely serve their Complaint.

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES without prejudice** Plaintiff's Complaint and **DIRECTS** the Clerk of Court to **CLOSE** this case. Though this dismissal is without prejudice, should Plaintiffs' counsel seek to refile this case, he must file contemporaneously with the complaint an explanation of cause for his failure to serve this action in a timely manner and his failure to respond to the Court's September 25, 2018 Order.

**SO ORDERED**, this 23rd day of January, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA